CURATORS OF KENTUCKY UNIVERSITY *v.* SANFORD MCBRAYER, &C.

**Alternative Pleading—Recovery On.**

An allegation in a petition "that 'A' had subscribed and paid for, or bought, etc.," held, to be an alternative pleading, one showing no cause of action, a judgment on the petition is erroneous.

APPEAL FROM MERCER CIRCUIT COURT.

December 14, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

If the author of the brief for appellant, to which no name is signed, had turned to *section 77, Civil Code,* much time and labor might have been saved, which was wasted in discussing imaginary questions.

In the case of McBrayer v. Allin, etc., it is distinctly alleged in the petition that *two hundred* and seven dollars and 23 cents is the balance of the debt due, with $1.25 costs, and a judgment requiring appellant to pay into court $1,220 was both unreasonable and without sanction of law.

Moreover, it is alleged in the petition alternatively, that Allen had subscribed and paid for, *or bought,* two Bacon College scholarships of $500 each; if he had *subscribed and paid* for them, he

being at the time a citizen of Mercer county he might, under the *act of 1865, 1 volume Sess. Acts, p. 68,* be entitled to have the money refunded to him; but the act makes no such provision as to stock or scholarships bought, and as pleadings are to be taken most strongly against the pleader, if he states his case in the alternative, and in one state of case shows he has no cause of action, a judgment on such a petition will be erroneous. The case of *Carter v. the same,* was by consent *of all parties,* as is contended by appellee, not only consolidated with the one of McBrayer, but the judgment in the first named case is to be treated as the judgment in both cases, consequently the judgment as to Carter is also before us, and as the court had no legal authority to render a judgment against appellant for $1,220 to pay two hundred and seven dollars and 23 cents, neither had it authority to render judgment for the $1,220 to pay a debt of less than $100. But the quarterly court had no jurisdiction to render any such judgment.

Wherefore, the judgments against appellant, the Kentucky University are *reversed,* and the cause remanded for further proceedings consistent herewith, if upon the return of the cause appellee McBrayer's representative, and Carter should obtain leave to amend their petition, appellant should be permitted to file an answer.

*Thompson & Daviess, for appellant.*
*Kyle, for appellee.*